# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> BROADCAST SYSTEMS AND EQUIPMENT INC., <br><br> Debtor. | Chapter 15 <br><br> Case No. 19-09737 <br><br> Hon. Jack B. Schmetterer <br><br> Hearing Date: April 25, 2019 <br> Hearing Time: 10:00 a.m. |

### DECLARATION OF GRAEME HAMILTON
### PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT
### OF THE CHAPTER 15 PETITION FOR RECOGNITION

Graeme Hamilton, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States of America as follows:

1. I am a resident of Canada and I am a Manager of Corporate Recovery and Turnaround at Crowe Soberman, Inc. (the "Foreign Representative"), which has been duly appointed as the licensed insolvency trustee in the insolvency proceeding (the "Canadian Proceeding") of Broadcast Systems and Equipment Inc. (the "Debtor") under Section 49 of the Canadian Bankruptcy and Insolvency Act ("Canadian Bankruptcy Act").

2. I have personal knowledge of the facts set forth herein and am authorized to act on the behalf of the Foreign Representative. I submit this Declaration in support of the petition for recognition of the Canadian Proceeding as a foreign main proceeding [Docket No. 1].

3. On July 17, 2018, the Debtor voluntarily commenced its bankruptcy proceedings by filing an Assignment in Bankruptcy pursuant to the Canadian Bankruptcy Act (the "Assignment Indenture"). The Debtor's bankruptcy proceedings are pending before Court No. 32-2400370 in the No. 7 Hamilton Division of the District Court of Ontario, Canada, Estate No. 32-2400370 (the "Canadian Court"). *See* Exhibit A.

4. Also on July 17, 2018, the Foreign Representative was appointed as trustee of the estate of the Debtor by the Official Receiver in the Canadian Proceeding pursuant to the Canadian Bankruptcy Act (the "Certificate of Appointment"). *See* Exhibit B.

5. The Debtor is a corporation organized under the laws of the province of Ontario that operated as a retailer and distributor of broadcasting equipment, the Debtor also performed integration and installation of broadcasting equipment used by television networks for news and events, and worked with most major Canadian broadcasters. The Debtor's registered office and principal place of business is located at 5311 John Lucas Drive in Burlington, Ontario L7L 6A8 and maintains no offices in the United States. Canada is the Debtor's center of main interests and prior to commencing the Canadian Proceeding, it is from this location that the Debtor's officers and directors managed the Debtor; however, the Debtor is no longer operating. As of the date of the Foreign Representative's appointment as trustee, the Foreign Representative, and I as its agent, have the primary responsibility of managing the Debtor's affairs, adjudicating and liquidating the Debtor's estate, and taking all ancillary actions in accordance therewith.

6. The Foreign Representative, as a Licensed Insolvency Trustee appointed in the Canadian Proceeding, is identifying and marshalling the Debtor's remaining assets, including those here in the United States. The Canadian Bankruptcy Act also provides for a centralized process to assert and resolve claims against a debtor's estate, by the representatives of a debtor's estate, in order to maximize distributions to stakeholders

7. Given the nature of the Debtor's business, its most significant assets are cash, inventory and equipment, which are located almost exclusively in Canada. In addition, most of the Debtor's creditors are Canadian businesses or individuals. Accordingly, the liquidation of the Debtor's assets is occurring in Canada. During my work administering the estate of the

Debtor, I have discovered that the Debtor maintains assets in a bank account at a BMO Harris Bank branch located in Chicago, Illinois (the "BMO Account"). At this time, I believe the BMO Account to be the only property of the Debtor's estate within the territorial jurisdiction of the United States.

8. In Canada, the Debtor is represented by Canadian insolvency counsel, Scarfone Hawkins LLP, One James Street South, 14th Floor, Hamilton, Ontario L8P 4R5 ("Canadian Counsel"). I understand from Canadian Counsel that the Canadian Bankruptcy Act and other Canadian debtor/creditor law would apply to most disputes between the Debtor and its creditors; however, Canadian Counsel has determined that recognition of the Canadian Proceeding by this Court will be necessary for turnover of the BMO Account to the Foreign Representative.

9. On the list attached hereto as Exhibit C I have identified (i) all foreign proceedings (as defined by section 101(23) of Title 11 of the United States Bankruptcy Code) with respect to the Debtor that are known to me, (ii) the names and addresses of (a) all administrators in the Debtor's foreign proceedings and (b) all parties to any litigation currently pending in the United States to which the Debtor is a party, and (iii) a list of all creditors of the Debtors (the "Creditor Body") with current proven claim amounts, showing the amounts. All known creditors of the Debtor with claims over twenty-five dollars (Canadian) were served with notice of the filing of the Canadian Proceeding in accordance with the Canadian Bankruptcy Act.

10. All members of the Creditor Body have been served, or an attempt at service has been made, with (1) notice of the Canadian Proceeding, (2) a proof of claim form, (3) information on how to submit their proof of claim form, and (4) all other necessary details to allow the Creditor Body to meaningfully participate in the Canadian Proceeding.

I state under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 1, 2019

Toronto, Ontario

Graeme Hamilton